UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff | | |
| VS. | § § | CIVIL ACTION G-06-500 |
| | | (Claim No. C-95584) |
| CHARLES A. MORSE, | § § § | |
| Defendant | | |

## Memorandum in Support of Plaintiff's Motion for Summary Judgment

This case arises under the Higher Education Act of 1965, as amended, 20 U.S.C. §1070-1080, which establishes a program of federally insured loans to qualified students of post-secondary educational institutions. Under this program, and the terms of the Notes executed pursuant to said program, repayment of the loan is made in installments and the student-borrower is to begin the repayment nine to twelve months after the student ceases to carry at least one-half of the normal full-time academic workload at the eligible institution.

20 U.S.C. § 1080 sets out, inter alia, the procedure to be followed by the lending institutions (defined in the Act as insurance beneficiaries) in the case of a default by the student-borrower, the conditions precedent to suit by the Commissioner of Education, collection standards, and subrogation rights of the United States upon payment to the insured upon the loan as soon as that amount has been determined.

Background Facts: Defendant, Charles A. Morse, while a student, made application for and received federally insured student loans from the Department of Education for a total original principal amounts of $6,525.00. Morse executed and delivered to Citibank

1

(NYS) NA, Fairport, NY and Citibank (NYS) NA, Rochester, NY (3) promissory notes dated October 13, 1983, February 15, 1984 and August 9, 1985 in the principal sums of $$2,500.00, $2,500.00 and $1,525.00 respectively.

The U.S. Department of Education (DOE) was notified that after due diligent collection action, that Defendant did not repay his loans. As a result of Defendant's default on the above notes, it became necessary for DOE to purchase the notes as required by law. The Certificates of Indebtedness, signed by a Loan Analyst for the Department of Education, summarizes the information contained in Defendant's loan file and discloses the sums borrowed and the assignment made to DOE. (See Exhibit "A", which is a true and correct copy of the Certificate of Indebtedness signed December 10, 1998, attached to the Affidavit of Amount Due).

<u>Plaintiff's Prima Facie Case</u>. In moving for Summary Judgment, Plaintiff bears the burden of proof on all the allegations in its Complaint. Based upon the record now before the Court, including the Certificate of Indebtedness, attached to the Affidavit of Amount Due as Exhibit "A", it is clear that the United States has discharged its burden of proving its case as required by Rule 56. *United States v. Lawrence*, 276 F.3d 193,197 (5th Cir. 2001); *Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406 (5th Cir. 1980), and *United States v. Durbin*, 64 F. Supp.2d 635, 636 (S.D. Tex. 1999).

The Plaintiff has established its prima facie case through the affidavit of M. H. Cersonsky, which sets out the amount due, that:

1) Plaintiff is the owner and holder of Defendant's notes, which are attached to the affidavit of M. H. Cersonsky;

2) Defendant signed the Notes;

2

3)       a default has occurred in payment of the Notes; and

4)       the principal amounts owed on the three Notes, plus pre and post-judgment interest.

It is well settled that in responding to a Motion for Summary Judgment, an adverse party may not rest upon mere allegations of his pleadings. Rather, he must, by affidavits or other evidentiary matter, set forth specific facts showing that there is no genuine issue for trial. See *Lawrence*, 276 F.3d at 197 and *Durbin*, 64 F.Supp.2d at 636. Thus, Morse has to provide summary judgment evidence that he is not indebted to the United States or that he is not a proper Defendant in this action.

## Defendant's Defense

**Failure of Consideration** - The School Did Not Provide a Good Education or No Job Referral after completion of the course work. The defendant has raised the defense of failure of consideration claiming the school did not provide a good education or a job upon graduation. While students believe the school they attended was not very good or that the education they got was not adequate to get them a good job, even when such beliefs are supported by evidence, such defenses do not matter. *United States vs. Durbin*, 64 F. Supp.2d at 637. As stated by the Court in *Durbin*:

> The Bank lent money, and the government promised the bank that the debt would be paid. Neither the Bank nor the Government guaranteed satisfaction with schools or educations. Because the choice of institution and curriculum was the student's, the responsibility for a bad choice rests with the student.

64 F.Supp. 2d at 637.

Once the government produces sufficient evidence to satisfy its summary judgment burden, the burden shifts to the debtor to "set forth specific facts showing that there is a genuine issue for trial," not just to "rest upon the mere allegations or denials of the adverse's party's pleadings." *Lawrence*, 276 F.3d at 197; *Resolution Trust Corp. v. Camp*, 965 F.2d at 29. Self -serving allegations of payment without proof are not the type of "significant probative evidence" required to defeat summary judgment. *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F2d 436, 440 (5th Cir. 1982); *Lawrence*, 276 F.3d at 197.

## Attorney's Fees

USA has requested attorney's fees. 20 U.S.C. §1080(b) provides for the recovery of reasonable administrative costs and collection costs. Also, this suit is one based on a contract and USA, which has made demand for payment more than 30 days before the suit was filed, is entitled to its reasonable attorney's fees. Attorney's fees are allowed by federal law. *Durbin*, 64 F. Supp.2d at 636. Attached is an Affidavit on Attorney's Fees in support of this request for attorney's fees.

<u>Conclusion</u>. Based on the record before the Court, Plaintiff has discharged its burden of proof in establishing the factual bases underlying its claim for recovery, there is no genuine issue as to any material fact, and Plaintiff is entitled to Summary Judgment as a matter of law.

Respectfully submitted,

ALONSO, CERSONSKY & GARCÍA, P.C.

By: _____
M. H. Cersonsky, TBA#04048500
Jim L. García, TBA#07636700
Galleria Financial Center
5065 Westheimer, Suite 600
Houston, Texas 77056
Tel. No.: (713) 840-1492
Fax No.: (713) 840-0038

Attorneys for United States of America