## I. DISCLOSURE OF CHARGES AND DISPOSITION OF LOAN PROCEEDS

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you<br>☐ may  ☒ will not  have to pay a penalty.<br>☐ may  ☒ will not  be entitled to a refund of part of the finance charge. |
| Prior to repayment: 3.78 %   During repayment: 9.00 % | $2310.76 | See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $2310.76

Loan Amount $2500.00    Less: Prepaid Finance Charge $189.24    Equals: Amount paid to you $2310.76
Includes: Guarantee Fee $64.24
Origination Fee $125.00  (5.0 % of Loan Amount)

Disbursement Schedule:

| Disbursement | Estimated Date of Disbursement | Gross Disbursement Amount | (less) Prepaid Finance Charge | | Amount Disbursed to You |
|---|---|---|---|---|---|
| | | | Guarantee Fee | Origination Fee | |
| 1st Disbursement | 10/13/83 | $ 2500.00 | $ 64.24 | $ 125.00 | $ 2310.76 |
| 2nd Disbursement | | $ | | $ | $ |
| 3rd Disbursement | | $ | | $ | $ |

## II. PROMISE TO PAY

I, Charles R. Morse, promise to pay to the order of Citibank (NYS) NA Fairport NY (hereinafter called the "lender") all of the following amounts in full:

1) The entire Loan Amount as identified above.
2) Interest on the unpaid principal balance at the rate of **Nine** percent ( **9%**) per annum. I further understand that if I am eligible for Federal interest benefits, the interest will be paid by the U.S. Department of Education (a) during the period I am in school, (b) during the grace period described in Section IV below, and (c) during the time my loan payments are deferred as allowed by Section V below.
3) The Guarantee Fee which will be deducted from the proceeds of my loan check at the time of the initial disbursement. This charge is not subject to refund except the amount(s) attributable to any disbursement I do not receive.
4) The Origination Fee which may be deducted from the proceeds of the loan.

### III. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part 8 of the Higher Education Act of 1965 (the "Act") as amended, Federal regulations adopted under the Act, and the Rules and Regulations of the HEAF.

### IV. REPAYMENT

1) I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period will be __6__ months beginning when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.
2) I will repay this loan within 15 years of the date this loan is made, over a repayment period that lasts at least 5 years. At the lender's option, I may receive up to 10 years to repay. However, the following exceptions to these rules apply:
   A) If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   B) The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I have loans guaranteed under the Act outstanding, I pay toward principal and interest at least $600 or the unpaid balance of the total amount owing to all holders of my guaranteed loans, whichever is less. If I am married, I understand that the total for me and my spouse's payment must be at least $600.
   C) Any period described in Section V or Section VI of this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.
5) At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note plus accrued interest thereon. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### V. DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section IV may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant Federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### VI. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different than a Deferment of Repayment (Section V) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

### VII. ACCELERATION & DEFAULT

In the event any one or more of the below listed events occur, the lender will consider me in default:
1) Failure to make any payment when due.
2) Making any representation relative to obtaining this loan knowing it was false.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

Upon my default, the lender may declare the following amounts immediately due and payable:
1) The entire unpaid principal balance of this Promissory Note;
2) The entire amount of unpaid interest on this Promissory Note;
3) Late charges; and
4) To the extent allowed by law, all costs of collection, including reasonable attorneys' fees.

Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to the HEAF. I will then be required to pay the HEAF all amounts owed.

### NOTICE TO BORROWER

(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.
(e) HEAF, THE U.S. DEPARTMENT OF EDUCATION, OR THE LENDER MAY REPORT THE STATUS OF THIS LOAN TO A CREDIT BUREAU. THEREFORE, IN ORDER TO MAINTAIN A GOOD CREDIT RATING, IT IS TO YOUR BENEFIT TO COMPLY WITH ALL THE TERMS AND CONDITIONS OF THE LOAN.

BORROWER'S NAME AND ADDRESS: Charles R. Morse, #2 5th Ave North, Texas City, TX 77590

X /s/ Charles R. Morse
BORROWER'S SIGNATURE

The foregoing instrument was acknowledged before me this 27th day of September, 19 83
By /s/ Elizabeth A. Denheim
Name of Maker / Notary Public

INDORSER'S SIGNATURE (IF ANY)
The above signed accommodation party signs this Promissory Note ... the Uniform Commercial Code. As such, the undersigned hereby wa... payment, protest, and notice of protest, and acknowledges and ag... against the undersigned notwithstanding deferment of payment in ac... of repayment terms in accordance with Section VI of this Note.

AUG 19 1983