IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-500 |
| | § | |
| CHARLES R. MORSE | § | |

## REPORT AND RECOMMENDATION

Before the Court, pursuant to the standing referral in all cases of this nature is Plaintiff's Motion for Summary Judgment, which was filed on September 25, 2006. On December 12, 2006, this Court established a deadline of December 29, 2006, for the Defendant to file a response to the Government's Motion for Summary Judgment. To date, no response has been filed by the Defendant.

Having now given this matter thorough review, this Court makes the following Report and Recommendation to the District Judge.

### Discussion

This lawsuit has been brought by the United States of America on behalf of the Department of Education pursuant to 20 U.S.C. §1080 in order to collect the outstanding student loan indebtedness incurred by Defendant.

Examination of Exhibits "A, B, C, D, E and F" to the Motion for Summary Judgment revealed that Defendant, on October 13, 1983, February 15, 1984 and August 9, 1985, executed promissory notes in order to secure guaranteed student loans from Citibank (NYS) NA, Fairport, New York and Citibank (N.Y.S.) N.A., Rochester, New York. According to the corresponding

Certificate of Indebtedness[1], which is attached to the original complaint and labeled as Exhibit A, the loan obligations were guaranteed by Northstar Guarantee, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, 20 U.S.C. §1071, *et sequentia*. A summary of the history of Defendant's default under the terms of the note and the guarantor's collection efforts is contained in the Certificates of Indebtedness. On August 11, 1993, the guarantor assigned its right and title to the loan to the Department of Education. See Exhibit A.

Based on the aforementioned evidence, Plaintiff appears to have established a *prima facie* case against Defendant: ownership and possession of the note; signing of the notes by Defendant; a default in the payment of the notes; and the amount of principal that is due and owing. *See United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975); *see also Stone v. United Student Aid Funds, Inc.*, 818 F. Supp. 254, 258 (S.D. Ind. 1993).

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted if the pleadings, together with affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. In the opinion of this Court, Plaintiff is entitled to summary judgment in the instant case.

Accordingly, this Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Instrument no. 4) be **GRANTED**. The Clerk is **ORDERED** to send a copy of this Report and

---

[1] In *United States v. Lawrence*, 276 F.3d 193 (5th Cir. 2001), the Court of Appeals essentially upheld certificates of indebtedness as competent summary judgment evidence, particularly when accompanied by a supplemental affidavit.

Recommendation to Defendant at 1908 - 5th Street, High Island, Texas, 77623, by **both** certified mail, return receipt requested, **and** by regular mail.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **February 16, 2007**, in which to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar Plaintiff from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this \_\_\_\_30th\_\_\_\_ day of January, 2007

John R. Froeschner
United States Magistrate Judge